FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
JUL 10 AM 10: 13
MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

**UNITED STATES OF AMERICA,**

Plaintiff,

**v.**

**JACOBO SAMANIEGO-SILVEIRA,**

Defendant.

**CRIMINAL COMPLAINT**

**Case Number:** 26-MJ-41-SWS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about June 27, 2026, in the District of Wyoming, the Defendant, **JACOBO SAMANIEGO-SILVEIRA**, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed a firearm, namely, a Browning brand pistol, and the firearm was in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8).

I further state that I am a Special Agent with the U.S. Department of Homeland Security Investigations (HSI) and that this complaint is based on the following facts: ***(See attached Sworn Statement)***

Continued on the attached sheet and made a part hereof.

MATTHEW W HUFFMAN — Digitally signed by MATTHEW W HUFFMAN Date: 2026.07.10 09:20:03 -06'00'

Signature of Complainant

MATTHEW HUFFMAN

Sworn to before me and subscribed via telephone,

July 10, 2026 at 10:09 a.m. at Cheyenne, Wyoming

Date — City and State

HON. SCOTT P. KLOSTERMAN
United States Magistrate Judge

Name & Title of Judicial Officer

Scott P. Klosterman

Signature of Judicial Officer

UNITED STATES DISTRICT COURT ★ DISTRICT OF WYOMING ★

**SWORN STATEMENT IN SUPPORT**
**OF CRIMINAL COMPLAINT**
**US V. JACOBO SAMANIEGO-SILVEIRA**

1. I, Matthew W. Huffman, am a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement (hereafter referred to as ICE) Homeland Security Investigations (HSI), assigned to the Office of the Resident Agent in Charge (RAC) Cheyenne, Wyoming office.

2. The affiant has been employed as a Special Agent (SA) of U.S. Immigration and Customs Enforcement ("ICE") Homeland Security Investigations (HSI), Office of the Resident Agent in Charge, Cheyenne, Wyoming (RAC/CY) since July of 2008 until the present. The affiant has successfully completed the 24-week Criminal Investigator Training Program and a Basic Immigration Special Agent Training Course at the Federal Law Enforcement Training Center in Glynco, Georgia. Previous to employment with ICE, I was employed with Customs and Border Protection with the Department of Homeland Security in Sweetgrass, Montana as a Customs and Border Protection Officer from July of 2002 until July of 2008. Based on my training and experience in the investigation of federal immigration laws and my investigation of the facts outlined below, I have reason to believe that **Jacobo SAMANIEGO-SILVEIRA** is unlawfully present in the United States and was in possession of a firearm while being a prohibited person.

3. Based on my training and experience in the investigation of federal immigration and criminal laws and my investigation of the facts outlined below, I have reason to believe that **Jacobo SAMANIEGO-SILVEIRA, YOB** 2004, (hereafter referred to as "**SAMANIEGO-SILVEIRA**") has committed violations of 18 U.S.C. § 922(g)(5) (Illegal Alien in Possession of a Firearm)

4. On June 27, 2026, WHP Trooper Clancy Gines conducted a traffic stop on white Jeep Cherokee bearing a Utah registration for driving 81 MPH in a 65 MPH zone. During the course of the traffic stop the driver and sole occupant of the vehicle was identified as **Jacobo SAMANIEGO-SILVEIRA.** The subject stated to Trooper Gines he did not possess a driver's license and handed him a Mexican Identification card for identification. At this point the trooper returned to his vehicle to conduct his traffic stop.

5. During the traffic stop WHP Trooper Gines was assisted by two Deputies from the Sweetwater County Shariff's Office (SCSO). One of the Deputies was Paige Castaneda a trained Immigration and Customs Enforcement (ICE) Tasks Force Officer (TFO). Deputy/TFO Castaneda was going to conduct an interview of **SAMANIEGO-SILVEIRA** in regard to his immigration status in the United States.

6. Deputy/TFO Castaneda was given the Mexican Identification card that was presented to Trooper Gines and approached the vehicle where **SAMANIEGO-SILVEIRA** was still seated in the driver's seat and asked him to exit the vehicle, to which he complied. Deputy/TFO Castaneda then asked for consent to search **SAMANIEGO-SILVEIRA's** person, to which he consented. **SAMANIEGO-SILVEIRA** even lifted his hat off his head to show that he had nothing under his hat. During the search of his person Deputy/TFO Castaneda located a bag containing a white powdery substance in his front right pants pocket. **SAMANIEGO-SILVEIRA** was then handcuffed and detained and placed in Deputy's Castaneda patrol car.

7. Deputy/TFO Castaneda conducted an administrative Immigration interview of **SAMANIEGO-SILVEIRA** in her patrol car using a Spanish interpreter. Durning the course of the interview **SAMANIEGO-SILVEIRA** stated he was born in Senora Mexico and is a Mexican national. He also admitted to illegally entering the United States through Arizona two to three

years ago. During this interview no questions were asked about the white powder found in his pants. At the end of the interview **SAMANIEGO-SILVEIRA** was advised that he was under arrest for Immigration violations and possession of illegal narcotics.

8. While Deputy/TFO Castaneda was conducting her Immigration interview WHP troopers and SCSO Deputies were conducting a probable cause search of the vehicle. While conducting the search of the vehicle, a Browning brand Black Label *1911* handgun chambered in .380 auto was found in the center console. The magazine in the firearm had eight rounds of ammunition. The firearm serial number is "51HYX08493". Also found in the center console with the firearm was a Mexican passport belonging to **SAMANIEGO-SILVEIRA.** In the passenger side rear compartment of the vehicle a gray colored sports duffle bag was located. Inside of the bag was a black plastic pistol storage box which contained another 1911 magazine loaded with .380 caliber ammunition and two boxes of ammunition. Nothing else was found during the search.

9. After the search of the vehicle Trooper Gines conducted an interview with **SAMANIEGO-SILVEIRA.** Trooper Gines read **SAMANIEGO-SILVEIRA** his Miranda rights to which waived and agreed to speak with the Trooper. During the interview **SAMANIEGO-SILVEIRA** asked if the substance found in his pocket was cocaine to which he said "Yes". Trooper Gines then asked where **SAMANIEGO-SILVEIRA** had purchased the firearm found in the vehicle. He stated he had purchased it from a friend in Utah. This interview was conducted through a Spanish translator.

10. On July 1, 2026, Department of Homeland Security databases searches were conducted on **SAMANIEGO-SILVEIRA** which resulted in no records being found.

11. On July 8, 2026, HSI Special Agent (SA) Matthew Huffman contacted Alcohol, Tobacco and Firearms (ATF) Special Agent Krystal Stevenson about the Browning Black Label *1911* handgun found during the search. She stated to SA Huffman due to her training and experience that Browning firearms are not manufactured in Wyoming and that the firearm had traveled in interstate commerce.

**END OF SWORN STATEMENT**

## PENALTY SUMMARY

| | |
|---|---|
| **DEFENDANT NAME:** | **JACOBO SAMANIEGO-SILVEIRA** |
| **DATE:** | July 10, 2026 |
| **INTERPRETER NEEDED:** | Yes |
| **VICTIM(S):** | No |
| **OFFENSE/PENALTIES:** | **18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8)**<br>(Illegal Alien in Possession of Firearm)<br><br>0-15 Years Imprisonment<br>Up To $250,000 Fine<br>3 Years Supervised Release<br>$100 Special Assessment |
| **AGENT:** | Matthew Huffman, HSI |
| **AUSA:** | Michael J. Elmore, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |